IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BRENT ALLEN HAIRE, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:22-CV-130-RWS-JBB |
| WARDEN SALMONSON, | § § § | |
| Respondent. | § § | |

## ORDER

Before the Court is Respondent Warden Salmonson's Motion to Dismiss. Docket No. 5. Petitioner Brent Haire, proceeding *pro se*, filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the legality of his conviction. Docket No. 1. The case was referred to the United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a report recommending that Respondent's motion be granted, and the habeas petition be dismissed with prejudice.

Petitioner challenges his convictions for felon in possession of a firearm and possession of a firearm in furtherance of a crime under 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A). Docket No. 1. Specifically, Petitioner cited *New York State Rifle and Pistol Ass. Inc, v. Bruen*, 142 S. Ct. 2111 (2022), and argued that possession of a firearm by a felon falls within the protected conduct under the Second Amendment. *See id.*

The Government filed a motion to dismiss, stating the Eastern District of Oklahoma accepted Petitioner's guilty plea to the charges of possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug crime, and felon in possession of a firearm. Docket No. 5. In the Eastern District of Oklahoma case, Petitioner filed a motion to

vacate or correct sentence, which was pending at the time of the Government's motion and remains pending at this time. *See United States v. Haire*, No. 6:20-CR-17, Docket No. 46 (E.D. Okla. 2021). The Government argues that motions to vacate or correct sentence under 28 U.S.C. § 2255 are the primary means of challenging federal convictions, and a prisoner may only challenge his conviction via habeas proceedings under 28 U.S.C. § 2241 under very limited circumstances. *Id.* Specifically, the prisoner must be able to show that his claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a non-existent offense, and the claim was foreclosed by circuit law at the time it should have been raised at the petitioner's trial, appeal, or first § 2255 motion. *See id.* (citing *Hammoud v. Ma'at*, 49 F.4th 874, 882 (5th Cir. 2022)). The Government maintains that these circumstances do not exist in the present case because *Bruen* does not establish that Petitioner was convicted of a non-existent offense.

After review of the pleadings and the motion to dismiss, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and the petition for habeas corpus relief be dismissed with prejudice. *See* Docket No. 6. The Report explained that 28 U.S.C. § 2255 is the primary means of collaterally attacking a federal conviction, and to pursue a § 2241 habeas petition, Petitioner must demonstrate how relief under § 2255 is an inadequate or ineffective remedy. *Id.* (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)). Because Petitioner's § 2255 motion is currently pending in the Eastern District of Oklahoma, and Petitioner had an opportunity to reply to the Government's response, Petitioner has not demonstrated why he cannot amend his pending motion to vacate his claims under *Bruen*. Accordingly, the Report recommended granting the Government's motion to dismiss because Petitioner has not shown that the remedy under § 2255 is inadequate or ineffective. *Id.*

Petitioner received a copy of this Report on August 28, 2023, but has not filed any objections.  Because no objections have been received, Petitioner is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203- RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Government's motion to dismiss (Docket No. 5) is **GRANTED** and the above-captioned action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability is **DENIED** *sua sponte*, with this denial pertaining only to this case and having no effect upon any proceedings in the Eastern District of Oklahoma.

**SIGNED this 27th day of November, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE